**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIERPOINT SERVICES, LLC, | ) | |
| | ) | Case No. ____________________ |
| Plaintiff, | ) | |
| | ) | Removed from the Circuit Court of |
| v. | ) | St. Louis County, Missouri |
| | ) | (Twenty-First Judicial Circuit) |
| RADIUM CLOUD INC., | ) | Case No. 26SL-CC05921 |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Radium Cloud Inc. ("Radium Cloud") files this Notice of Removal from the Circuit Court of St. Louis County, Missouri, Twenty-First Judicial Circuit, to the United States District Court for the Eastern District of Missouri, Eastern Division. Removal is based upon diversity jurisdiction because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000. Radium Cloud denies the allegations of purported wrongdoing contained in the Petition and the damages claimed therein, and files this Notice without waiving any defenses, exceptions, or objections that may exist in its favor in state or federal court. In support of this Notice of Removal, Radium Cloud states as follows:

## I. Background

1. On or about August 27, 2026, Plaintiff TierPoint Services, LLC ("TierPoint" or "Plaintiff") commenced this action by filing a Petition (the "Petition") against Radium in the Circuit Court of St. Louis County, Missouri. Radium Cloud was served with copies of the Summons and Petition on or about September 17, 2026.

2. On September 17, 2026, Radium Cloud was served with the Summons and Petition through its registered agent, National Registered Agents, Inc., in Wilmington, Delaware. That service was Radium Cloud's first notice of this action.

3. The Petition asserts causes of action arising out of a Master Services Agreement between TierPoint and Radium Cloud dated on or about September 26, 2024 (the "MSA"), under which TierPoint alleges it provided specified data center services to Radium Cloud. Pet. ¶ 3. Plaintiff avers that Radium Cloud defaulted on its payment obligations under the MSA, that TierPoint terminated the Services and Orders by written notice pursuant to MSA Section 5.2, and that TierPoint is entitled to a Termination Charge under MSA Section 5.3. Pet. ¶¶ 8, 10–11. Plaintiff asserts causes of action against Radium Cloud for breach of contract (Count I) and account stated (Count II). *See*, *generally*, Pet. ¶¶ 5–19.

## II. Removal Procedures

4. 28 U.S.C. § 1441(a) provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending[.]

5. Venue is appropriate in this Court, and Radium Cloud removes this case to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1441(a). The Circuit Court of St. Louis County, Missouri is located within this District, and cases arising in St. Louis County, Missouri are properly assigned to the Eastern Division of this Court. *See* 28 U.S.C. §§ 105(a)(1), 1446(a).

6. Written notice of the filing of this Notice of Removal will be served upon Plaintiff, through its counsel of record.

7. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed promptly with the Clerk of the Circuit Court of St. Louis County, Missouri and served upon all parties of record.

8. This Notice of Removal is timely filed within thirty (30) days of service pursuant to 28 U.S.C. § 1446(b)(1). Radium Cloud was served with the Summons and Petition on September 17, 2026. The thirtieth day after service, October 17, 2026, falls on a Saturday; the deadline therefore runs through Monday, October 19, 2026. See Fed. R. Civ. P. 6(a)(1)(C).

9. In filing this Notice of Removal, Radium Cloud does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, venue, defenses, exceptions, rights, and motions, including without limitation any right to compel arbitration or to seek transfer. No statement herein or omission shall be deemed to constitute an admission by Radium Cloud of any of the allegations of, or damages sought in, the Petition.

## III. Removal Based on Diversity Jurisdiction

10. This Court has jurisdiction over this action under 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States. . . ." 28 U.S.C. § 1332. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005). Pursuant to 28 U.S.C. § 1441(b)(2), such an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

11. The Petition alleges that TierPoint is a limited liability company with its principal place of business in St. Louis County, Missouri. Pet. ¶ 1. A limited liability company's citizenship

is that of each of its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

12. Upon information and belief, TierPoint's members are citizens of Missouri.[1] TierPoint is therefore a citizen of Missouri for purposes of diversity jurisdiction.

13. Radium Cloud is a corporation incorporated under the laws of the State of Delaware. *See* Pet. ¶ 2. Radium Cloud's principal place of business is California. Radium Cloud is therefore a citizen of Delaware and California for diversity purposes, and is not a citizen of Missouri. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

14. All facts herein pertaining to the citizenship of the parties were true as of the time the Petition was filed in state court and are true as of the time of filing this Notice of Removal.

15. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant. Further, because Radium Cloud is not a citizen of Missouri, the forum-defendant rule of 28 U.S.C. § 1441(b)(2) does not bar removal.

16. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Pursuant to 28 U.S.C. § 1446(c)(2), where the initial pleading demands a specific sum in good faith, that sum is deemed to be the amount in controversy.

17. Here, the Petition alleges that, as a result of Radium Cloud's alleged breach, TierPoint has suffered damages in the form of an outstanding balance of $9,421,167.95, and separately alleges that Radium Cloud owes TierPoint $9,421,167.95 on the account. Pet. ¶¶ 12, 17. The Petition further seeks costs of suit, attorneys' fees, and contractual late fees and interest

[1] Based upon TierPoint's Registration in Florida, Radium believes the following people are members of TierPoint, LLC: Jerald Kent, Mary Meduski, Wendy Knudsen, Jenny Cooper, Matthew Kent, Andrew Ramierz. All six members list their address as 12444 Powercourt Drive, Suite 450, St. Louis, MO 63131. The aforementioned Registration is attached as Exhibit A.

under the MSA. Pet. ¶ 13 & Wherefore Clauses. Although Radium Cloud denies that Plaintiff is entitled to the relief sought, the Petition's allegations clearly place in controversy more than $75,000.00, exclusive of interest and costs.

18. Thus, the amount in controversy exceeds the $75,000.00 jurisdictional requirement, and this Court has subject matter jurisdiction over this matter.

## IV. Conclusion

WHEREFORE, Radium Cloud respectfully requests the above-captioned action now pending in the Circuit Court of St. Louis County, Missouri, be removed to the United States District Court for the Eastern District of Missouri, Eastern Division, and that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: October 16, 2026

Respectfully Submitted,

**LATHROP GPM LLP**

By: */s/ Matthew A. Jacober*

Matthew A. Jacober, #51585MO
matthew.jacober@lathropgpm.com
Gabrielle H. Intagliata, #72862MO
gabrielle.intagliata@lathropgpm.com
The Plaza at Clayton
190 Carondelet Plaza, Suite 1400
Clayton, Missouri 63105
Telephone: 314.613.2800
Facsimile: 314.613.2801

*Attorneys for Defendant Radium Cloud, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, a copy of the foregoing Notice of Removal was filed through the CM/ECF system and served via electronic mail and First-Class U.S. Mail, postage prepaid, on the parties of record as follows:

Christopher K. Durso, #61035
Ronald D. Robinson, #42259
EVANS & DIXON, L.L.C.
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Telephone: (314) 436-6757
Facsimile: (314) 436-2066
cdurso@evans-dixon.com
Counsel for Plaintiff TierPoint Services, LLC

*/s/ Matthew A. Jacober*